CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 7:15CR00074 |
| | (Civil Action No. 7:17CV81251) |
| v. | |
| | **MEMORANDUM OPINION** |
| PIERCE YARNELL BROWN, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Senior United States District Judge |

Pierce Yarnell Brown, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Brown has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Brown's motion to vacate will be denied.

## Background

On August 13, 2015, a grand jury in the Western District of Virginia returned an indictment against Brown, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After unsuccessfully moving to suppress the evidence against him, Brown entered a conditional plea of guilty to the offense charged. As part of his written plea agreement, Brown acknowledged that he would be subject to a mandatory minimum term of imprisonment of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), if the court determined that he had at least three prior convictions for serious drug offenses and/or violent felonies. Plea Agreement at 1, Docket No. 40. Brown retained the right to appeal such determination, as well as the ruling on his suppression motion. Id. at 7.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR") that designated Brown as an armed career criminal under the ACCA. The

probation officer noted that Brown had three prior convictions for felony drug offenses that were committed on different occasions, and a prior conviction for unlawfully shooting into an occupied dwelling. The probation officer listed the following prior felony drug convictions to support the armed career criminal designation: a September 11, 2006 conviction in the Circuit Court for the City of Roanoke for possessing cocaine with intent to distribute (Case No. CR06-744), and July 12, 2010 convictions in the same court for selling heroin and cocaine (Case Nos. CR09-1934 & CR09-1935). The probation officer noted that the latter offenses occurred on November 19, 2008 and December 10, 2008, respectively. As an armed career criminal, Brown was subject to a mandatory term of imprisonment of fifteen years to life under 18 U.S.C. § 924(e), and an advisory range of imprisonment of 188 to 235 months under the United States Sentencing Guidelines. Defense counsel did not file any objections to the PSR.

Brown appeared for sentencing on May 6, 2016. At that time, the court adopted the PSR in its entirety, including the determination that Brown qualified as an armed career criminal. The court ultimately imposed the mandatory minimum term of imprisonment of 180 months.

On direct appeal, Brown challenged the denial of his motion to suppress. He did not appeal the armed career criminal designation. Brown's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on January 31, 2017.

On May 15, 2017, Brown moved to vacate his sentence under 28 U.S.C. § 2255. Brown's motion and the government's motion to dismiss are ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3)

"the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In his § 2255 motion, Brown asserts the following claims for relief: (1) that the indictment failed to notify him of the possibility of an enhanced sentence under the ACCA; (2) that the court erred in determining that he qualified as an armed career criminal; and (3) that his attorney was ineffective in failing to object to the armed career criminal designation. For the following reasons, the court concludes that Brown's claims lack merit.

I. **Sufficiency of the Indictment**

Brown initially challenges the sufficiency of the indictment. Brown claims that the possibility of an enhanced sentence under 18 U.S.C. § 924(e) "wasn't made evident until the plea agreement," and that the failure of the indictment to charge a violation of § 924(e) violated his right to due process. Def.'s Br. in Supp. of § 2255 Mot. at 3, Docket No. 64-1; see also Def.'s § 2255 Mot. at 3, Docket No. 66.

This claim fails under controlling circuit precedent. See United States v. Holman, 521 F. App'x 162, 163 (4th Cir. 2013) (observing that controlling circuit precedent defeated the defendant's claim that he was improperly sentenced as an armed career criminal because the indictment did not charge a violation of the ACCA). The Fourth Circuit has repeatedly held that prior convictions used as a basis for sentencing a defendant as an armed career criminal need not be charged in an indictment or proven to a jury beyond a reasonable doubt. Id. (citing United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005)); see also United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (noting that an indictment need not reference or list the prior

3

convictions used to enhance a defendant's sentence). Accordingly, the challenged omission provides no basis for relief under § 2255.

II. **Armed Career Criminal Designation**

Brown next claims that he was unlawfully sentenced as an armed career criminal. Brown argues that his prior conviction for unlawfully shooting at an occupied dwelling is not a "violent felony" for purposes of the ACCA, and that, without this conviction, he would not have qualified for sentencing as an armed career criminal. This claim is also unavailing.

Under the ACCA, individuals who violate 18 U.S.C. § 922(g) are subject to an enhanced sentence of fifteen years to life in prison if they have three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."[1] 18 U.S.C. § 924(e). In Johnson v. United States, 135 S. Ct. 2551 (2015), which was decided prior to Brown's sentencing, the Supreme Court limited the definition of a "violent felony."[2] However, the Johnson decision did not address, much less call into question, the ACCA's definition of a "serious drug offense." See In re Sargent, 837 F.3d 675, 677 (6th Cir. 2016) (noting that "Johnson invalidated only the residual clause of the ACCA's definition of a

---

[1] The ACCA defines a "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"]; or

(ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

18 U.S.C. § 924(e)(2)(B).

[2] The Supreme Court struck down the residual clause of § 924(e)(2)(B)(ii) as unconstitutionally vague. Johnson, 135 S. Ct. at 2557-60.

4

violent felony" and "did not invalidate . . . any portion of the definition of a 'serious drug offense'"). As relevant here, a "serious drug offense" is defined as a state offense that involves the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii).

Even assuming that unlawfully shooting at an occupied dwelling is not a violent felony for purposes of the ACCA, Brown nonetheless qualified for sentencing as an armed career criminal based on three prior convictions for serious drug offenses in the Circuit Court for the City of Roanoke. In Case No. CR06-928, Brown was convicted of possession of cocaine with intent to distribute, in violation of Virginia Code § 18.2-248. In Case Nos. CR09-1934 and CR09-1935, Brown was convicted of selling heroin and cocaine, respectively, on different dates, in violation of § 18.2-248.[3] All three offenses carried a maximum term of imprisonment of ten years or more. See Va. Code § 18.2-248(C). Accordingly, the court remains convinced that Brown had at least three qualifying convictions, and was therefore properly sentenced as an armed career criminal.

---

[3] The court has reviewed certified copies of the state court records evidencing Brown's prior drug convictions. Although the latter two cases were consolidated for sentencing on July 12, 2010, the indictments, conviction orders, and sentencing orders establish that the drug offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e). Accordingly, each of the convictions is considered a separate "serious drug offense" under the ACCA. See United States v. Vanhook, 495 F. App'x 308, 310 (4th Cir. 2012) (holding that "the district court properly treated Vanhook's offenses as occurring on different occasions, and thus proper ACCA predicates," where the sources approved in Shepard v. United States, 544 U.S. 13 (2005) established that Vanhook "dealt cocaine on three different days separated by approximately one to two weeks"); see also United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995) (holding that each of the defendant's drug sales, which occurred less than two hours apart on the same day, "was a complete and final transaction, and therefore, an independent offense," for purposes of the ACCA).

### III. Assistance of Counsel

In his final claim, Brown alleges that his attorney was ineffective in failing to object to his designation as an armed career criminal. Claims of ineffective assistance are reviewed under the two-prong standard enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, Brown must show (1) "that counsel's representation fell below an objective standard of reasonableness" measured by "prevailing professional norms," and (2) "that that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694.

For the reasons set forth above, Brown was properly designated as an armed career criminal. Accordingly, he has no viable claim of ineffective assistance based on counsel's failure to object to the designation.

### Conclusion

For the reasons stated, the court concludes that Brown is not entitled to relief under § 2255. Consequently, the court will grant the government's motion to dismiss and deny Brown's motion. Additionally, because Brown has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 14th day of December, 2017.

*Jay Conrad*
Senior United States District Judge